[Cite as *State v. Berry*, 2026-Ohio-2755.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    2025CA0037-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRANDY C. BERRY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    2023-CR-0731 |

DECISION AND JOURNAL ENTRY

Dated: July 20, 2026

SUTTON, Judge.

{¶1}   Appellant Brandy C. Berry appeals the judgment of the Medina County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}   From August 19, 2023, through September 19, 2023, Ms. Berry and Jackie McGraw were illegally entering property located on Johnson Road in Medina County, Ohio ("the Property") to rendezvous in secret.  Mr. McGraw stole approximately $11,000.00 worth of items from a vacant house on the Property.  On September 19, 2023, Ms. Berry was arrested and charged with criminally trespassing on the Property, in violation of R.C. 2911.21.  Ms. Berry was arraigned in the Wadsworth Municipal Court on the criminal trespass charge, a misdemeanor of the fourth degree, and pleaded not guilty.  On September 26, 2023, Ms. Berry was indicted on one count of breaking and entering, in violation of R.C. 2911.13(A) and (C), a felony of the fifth degree.  In

January 2024, Ms. Berry pleaded guilty to an amended charge of attempted criminal trespass in the Wadsworth Municipal Court, a minor misdemeanor. Mr. McGraw was separately charged and convicted of breaking and entering and is not a party to this appeal.

{¶3} Ms. Berry filed a motion to dismiss the indictment for breaking and entering in the Medina County Court of Common Pleas, arguing the charge was barred on grounds of double jeopardy because she had already been convicted of attempted criminal trespass in the Wadsworth Municipal Court and "trespass" was an element of "breaking and entering." Ms. Berry also argued she could not be convicted of breaking and entering pursuant to R.C. 2941.25, which prohibits convictions for allied offenses of similar import.

{¶4} At a hearing on the motion to dismiss, the State argued the charge for criminal trespass was for just one date, and was for Ms. Berry's trespass on the land, while the breaking and entering charge concerned Ms. Berry entering a structure on the Property multiple times over the course of a month and therefore the offenses did not involve the same conduct. The court denied the motion to dismiss on the record at the hearing.

{¶5} Ms. Berry subsequently pleaded no contest to breaking and entering and was sentenced to 180 days in the Medina County Jail with credit for 118 days served and was placed on two years of probation.

{¶6} Ms. Berry has appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

**THE COURT IMPROPERLY DENIED [MS.] BERRY'S MOTION TO DISMISS FILED APRIL 15, 2024, FOR VIOLATION OF THE FEDERAL AND STATE CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY AND UNDER REVISED CODE SECTION 2941.25[.]**

{¶7}    In her sole assignment of error, Ms. Berry argues her conviction for breaking and entering violates federal and state constitutional prohibitions against double jeopardy and R.C. 2941.25.

{¶8}    The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides no person shall "'be subject for the same offence to be twice put in jeopardy of life or limb.'" U.S. Const., amend. V.   Ohio has traditionally applied federal law in the double jeopardy context.   *See State v. Gonzalez*, 2002-Ohio-4937, ¶ 30 (1st Dist.).   The federal double jeopardy clause and Section 10, Article I of the Ohio Constitution both "'protect criminal defendants against multiple prosecutions for the same offense.'" *State v. Hartman,* 2013-Ohio-4407, ¶ 9 (9th Dist.), quoting *State v. Brewer*, 2009-Ohio-593, ¶ 14.   Each clause "'prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.'" *Hartman* at ¶ 9, quoting *State v. Gustafson*, 76 Ohio St.3d 425, 432 (1996).

{¶9}    Because this involves a purely legal question, we review de novo the trial court's judgment denying a motion to dismiss the indictment on double-jeopardy grounds. *State v. Mutter*, 2017-Ohio-2928, ¶ 13.

{¶10}   Here, the record supports the trial court's denial of the motion to dismiss the indictment.   Ms. Berry's motion to dismiss contained the following relevant attachments: a copy of the complaint for criminal trespass in the Wadsworth Municipal Court; a copy of the indictment for breaking and entering; and a printout of the Wadsworth Municipal Court docket for Ms. Berry's criminal trespass case.   On appeal, the State argues that the record in this case does not contain a copy of Ms. Berry's plea agreement in the municipal court or a copy of the judgment entry entered

by the municipal court, therefore this Court cannot even consider Ms. Berry's assignment of error. The State cites *State v. Wynn*, 1990 WL 75207 (8th Dist. June 7, 1990) in support of its argument. In *Wynn,* the defendant argued his prosecution for robbery in the court of common pleas was barred on double jeopardy grounds because he had pleaded no contest to resisting arrest pursuant to a plea agreement. The *Wynn* court stated,

> The record on appeal does not include the defendant's municipal court record or certified copies of the relevant portions of that file. In particular, the record fails to contain copies of the complaints filed in municipal court, a record of the alleged plea agreement reached by the defendant, or the municipal court's judgment entry.
>
> These materials were not offered into evidence. Without this evidence, this court cannot address the merits of the defendant's first assignment of error. The appellant bears the burden of demonstrating any claimed error by reference to matters in the record.

*Wynn* at *2. Here, the record does contain a copy of the municipal court complaint and a printout of the municipal court docket showing that Ms. Berry pleaded guilty to attempted criminal trespass, so *Wynn* is not entirely applicable.

{¶11} Nevertheless, in reviewing the record, we cannot conclude double jeopardy prohibited the State from prosecuting Ms. Berry on the breaking and entering charge. The indictment for breaking and entering covered an entire month and alleged that Ms. Berry entered an unoccupied structure with the purpose to commit a theft offense, while the complaint for criminal trespass set forth only one date that Ms. Berry allegedly entered the land or premises of another without permission. The indictment for breaking and entering alleged:

> Brandy C. Berry, on or about the 19th day of August, 2023 though the 19th day of September, 2023, at the county of Medina aforesaid, did, by force, stealth, or deception, trespass, as defined in section 2911.21(A)(1) of the Revised Code, in the unoccupied structure of [the victim], with the purpose to commit therein any theft offense, as defined in Section 2913.01 of the Revised Code in violation of Ohio Revised Code §2911.13(A)(C), **Breaking and Entering**, a felony of the fifth degree.

(Emphasis in original). The complaint for criminal trespass alleged that Ms. Berry, "on or about 9/19/23" without privilege to do so, knowingly entered or remained on the land or premises of another. The complaint further specified that Ms. Berry

> knowing[ly] drove her vehicle up the driveway of [the Property] which is an abandoned/vacant house. She parked behind the residence near the garage, and waited for a friend. [Ms. Berry] does not own this property or know who does. She entered and remained on the premises of another without permission.

{¶12} Both charges were for crimes committed at the same address. However, the indictment for breaking and entering and the complaint for criminal trespass alleged separate acts. Even if the act of criminal trespass as charged in the municipal court complaint and the act or acts of breaking and entering as charged in the indictment were part of the same course of conduct, if the charges are based on multiple criminal acts committed on separate dates, successive prosecution for the acts does not constitute double jeopardy. *See State v. Lawrence*, 2025-Ohio-5277, ¶ 22 (9th Dist.).

{¶13} Ms. Berry pleaded no contest to breaking and entering, which means she admitted to the facts as alleged by the State. Under Crim.R. 11(B), a "plea of no contest . . . is an admission of the truth of the facts alleged in the indictment, information, or complaint . . . ." Here, the facts alleged in the indictment were that on or about the 19th day of August 2023 through the 19th day of September 2023, Ms. Berry did, by force, stealth or deception, trespass in the unoccupied structure of the victim with the purpose to commit therein any theft offense. Ms. Berry stated she understood her no contest plea was an acknowledgement of the accuracy and truthfulness of the allegations contained in the indictment. Ms. Berry's understanding was that she was admitting she entered property that was not hers without permission with the intent to relieve the owners of their property.

{¶14}    Based on the record before us, this Court cannot conclude that the offense of attempted criminal trespass to which Ms. Berry pleaded guilty in the Wadsworth Municipal Court was the same offense with which she charged in the Medina County Court of Common Pleas.

{¶15}    Ms. Berry also argues in her assignment of error that her conviction violates R.C. 2941.25, which provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, *or where his conduct results in two or more offenses of the same or similar kind committed separately* or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

(Emphasis added.)

{¶16}    Under Section 2941.25(B), "a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 2015-Ohio-995, paragraph three of the syllabus. The analysis of allied offenses is specific to the facts of each case drawn from evidence at trial or in connection with a plea or sentencing hearing. *Id.* at ¶ 26. This Court applies a de novo standard of review in reviewing a trial court's determination under Section 2941.25. *State v. Williams*, 2012-Ohio-5699, ¶ 28.

{¶17}    As stated above, the record shows that Ms. Berry's acts constituting criminal trespass and breaking and entering, while similar in kind, were separate acts. The criminal trespass charge was for entering and remaining on the land or premises on or about September 19, 2023,

and the breaking and entering charge was for trespassing in an unoccupied structure with the purpose to commit a theft offense therein on or about August 19, 2023, to September 19, 2023.

{¶18} Based on the foregoing, Ms. Berry's prosecution and conviction for breaking and entering was not barred by double jeopardy or in violation of R.C. 2941.25(A). The trial court did not err in denying the motion to dismiss.

{¶19} Accordingly, Ms. Berry's assignment of error is overruled.

III.

{¶20} For the forgoing reasons, Ms. Berry's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                          _____

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

WESLEY ALTON JOHNSTON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.